MARKMAN, J.
{concurring). I fully join the majority opinion but write separately only to address two provisions of law that are referenced in the majority’s analysis, see ante at 155 n 9.
First, MCL 333.7121(2) states:
This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among those states which enact laws similar to it.
Second, MCL 333.1111(1) states:
This code is intended to be consistent with applicable federal and state law and shall be construed, when necessary, to achieve that consistency
In light of these provisions, the majority opinion reasonably surveys the decisions of foreign courts that have interpreted the dispositive phrase in this case, “keep or maintain,” but concludes that this Court does not construe §§ 7121(2) and 1111(1) as “admonitions that we follow constructions placed on similar statutes in other jurisdictions if those rulings are inconsistent with the words used in our statutes.” Ante at 155 n 9.1 agree with this observation, but also note that if these provisions are, in fact, understood as “admonitions” to that effect, they would be beyond the authority of the Legislature.
This Court has said on innumerable occasions that it is obligated to defer to legislative judgments, even when *160 such judgments are far afield from our own. This is because the legislative power is the power to undertake policy judgments and to set forth the law. Few judicial bodies have been more deferential toward legislative judgments than this Court.
However, when the Legislature purports to exercise its legislative power to dictate a rule of interpretation to this Court, as some might read §§ 7121(2) and 1111(1) as doing, the Legislature exceeds its authority and impinges on the judicial power, which is the power to interpret the law and say what that law means. It is this Court’s responsibility to exercise the judicial power and to give reasonable meaning to the law by examining its language, structure, organization, and purpose. I do not believe that the Legislature can impose any different rules of interpretation upon this Court. Although on occasions I have acquiesced in the application of legislative rules of interpretation, I am increasingly of the view that such rules are not only incapable of coherent application, but that they trespass upon the authority of the judiciary.
Concerning §§ 7121(2) and 1111(1) in particular, there is certainly no harm, and perhaps value, in our Legislature encouraging this Court to assess the decisions of foreign courts that have interpreted “keep or maintain.” However, the limitation of such provisions is manifest in the following questions: Must this Court construe Michigan law to make it uniform with the laws of another state that have been misinterpreted? May this Court take into consideration dissimilarities between the law of Michigan and those of another state? How does this Court render “uniform” its interpretations if there are disagreements to this effect among the other states? Can “uniformity” or “consistency” in the *161 interpretation of the law be practically achieved by the judiciaries of 50 sovereign jurisdictions?
If it is the Legislature’s intent that the law be interpreted in a particular manner, the most reliable means of securing this result is for the Legislature to write the law in that manner. Although I do not doubt that an ancient law that has been given meaning over the centuries by courts of other jurisdictions can sometimes helpfully be referenced by the Legislature, in the final analysis, the constitutional rule must be that the Legislature either say clearly what it intends or else recognize that its less clearly stated intentions will be discerned through traditional methods of interpretation. A court cannot be obligated to say that the law states something other than what it states. This is no less true where a court of another jurisdiction has reached a contrary conclusion.